UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LA-CHIC MCWHORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-CV-334-HBG |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 26].

On October 4, 2021, the Court entered an Order [Doc. 27], setting forth a briefing schedule in this matter. Plaintiff was ordered to file a dispositive motion and brief in support on or before November 10, 2021. On November 12, 2021, Plaintiff filed [Doc. 28] a Motion for Extension of Time to file her dispositive motion and brief in support. The Court entered an Order [Doc. 29] granting Plaintiff's Motion for Extension of Time and ordering Plaintiff to file her dispositive motion and brief in support on or before December 10, 2021. On December 13, 2021, the Court entered an Order to Show Cause [Doc. 30], directing Plaintiff to show cause on or before December 27, 2021 for the failure to file a dispositive motion and brief in support as directed by the briefing schedule.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

On December 27, 2021, Plaintiff filed a Response to the Order to Show Cause [Doc. 31]. In her Response, Plaintiff stated that she never received any correspondence as to whether her Motion for Extension of Time to File [Doc. 28] was granted or denied and that she had yet to fully recover from having the COVID-19 virus and was also suffering from mental health issues. Plaintiff requested an extension up to and including December 31, 2021, in which to file her dispositive motion and brief in support. The Court granted Plaintiff an extension up to and including January 3, 2022 in light of the end-of-year holidays and the information contained in Plaintiff's response to the Show Cause Order. The deadline has passed, and Plaintiff has failed to file her dispositive motion and brief in support.

Pursuant to Federal Rule of Civil Procedure 41(b), courts have inherent power to dismiss an action due to a plaintiff's failure "to prosecute or to comply with these rules or a court order." *See Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629. Courts consider the following four factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is

outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

In the present matter, the Court finds that the record demonstrates delay and contumacious conduct by Plaintiff. The Court previously ordered Plaintiff to show cause as to why the case should not be dismissed for the failure to properly effect service on July 6, 2020. [Doc. 8]. Plaintiff subsequently filed a Response [Doc. 9] stating that she had not properly effected service because of extenuating circumstances, including: Plaintiff's inability to determine a clear time limit for effecting service, mental illness, and family health issues among other things. The Court entered an Order [Doc. 10] granting Plaintiff an extension of time for service and ordering Plaintiff to complete the service packet and return it to the Clerk's Office within twenty (20) days. Plaintiff again failed to properly effect service of process, and the Court entered a second Order to Show Cause [Doc. 11]. Plaintiff filed a Response [Doc. 12] stating similar reasons as those provided in her response to the original Order to Show Cause. The Court made no finding as to the second Order to Show Cause or Plaintiff's Response, but in any case, Plaintiff subsequently effected service of process. However, Plaintiff has now failed to comply with the Court's Briefing Order, even after the Court granted Plaintiff's untimely Motion for Extension of Time to File [Doc. 29] and granted a final extension [Doc. 32] due to Plaintiff's response to the December 13, 2021 Order to Show Cause.

The Court finds that Plaintiff has been given ample time to prosecute her case and has failed to comply with the Court's deadlines. Additionally, Plaintiff was previously warned that the failure to prosecute her cause would result in dismissal, and she was informed she must familiarize herself with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this Court, *see* [Doc. 10 at 2]. Plaintiff was required to file a dispositive motion by January 3,

3

Case 1:19-cv-00334-HBG   Document 33   Filed 01/04/22   Page 3 of 4   PageID #: 652

2022 under the Court's Order [Doc. 32], and Plaintiff has failed to prosecute her case and follow the Court's scheduling deadlines.

Given Plaintiff's repeated failure to meet the deadlines imposed by the Court, the Court finds that the only appropriate sanction is dismissal.[2]  Accordingly, Plaintiff's Complaint [**Doc. 2**] will be **DISMISSED** without prejudice.  The Clerk of Court will be directed to **CLOSE** this case.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[2] Moreover, the Court notes that the Plaintiff "bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).  Without a dispositive motion setting forth the alleged errors the Commissioner has committed in denying her application for benefits, with citation to the record to support factual allegations [Doc. 18], the Court cannot undertake a meaningful review of the decision on appeal.